UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JUSTIN ROBERT CROSS and <br> MEGAN J. CROSS, <br>     *Plaintiffs*, <br> v. <br> MARTEL AUTOMATION, INC., <br>     *Defendants*. | ) <br> ) <br> ) Case No. 2:20-cv-46 <br> ) <br> ) Judge Travis R. McDonough <br> ) <br> ) Magistrate Judge Christopher H. Steger <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Before the Court is Defendant Martel Automation, Inc.'s ("Martel Automation") motion to dismiss Plaintiffs Justin Robert Cross and Megan J. Cross's (collectively, "Plaintiffs") complaint as time-barred by the statute of limitations (Doc. 20). For the following reasons, Martel Automation's motion to dismiss will be **DENIED**.

### I.    BACKGROUND

On November 27, 2018, Plaintiff Justin Cross was injured while operating a feed hopper with an agitator. (Doc. 1, at 3–4.) Plaintiffs filed suit against nonparty Equipements PRB, Inc. ("PRB"), who designed and manufactured the feed hopper, on September 30, 2019. (*See* Doc. 1-2 in Case No. 2:19-cv-212; Doc. 9, at 2, in Case No. 2:19-cv-212.)

PRB filed its answer to Plaintiffs' complaint on December 9, 2019. (*See* Doc. 9 in Case No. 2:19-cv-212.) In its answer, PRB asserted a number of defenses, including the following:

### FIFTH DEFENSE

Plaintiffs' claims against PRB fail to the extent the Feed Hopper was made unreasonably dangerous by the unforeseeable alteration, change, improper maintenance or abnormal use, by Plaintiffs or by third parties, after the Feed Hopper left PRB's control.

### SIXTH DEFENSE

Plaintiffs' claimed injuries were caused, in whole or in part, by third parties not joined in this action.

(*Id.* at 9–10.) Martel Automation was not expressly named in any part of PRB's Answer. (*See generally* Doc. 9 in Case No. 2:19-cv-212.)

On March 6, 2020, Plaintiffs filed their complaint against Martel Automation alleging causes of action for strict products liability, negligence, and failure to warn. (*See* Doc. 1.) Plaintiffs seek relief from Martel Automation alleging that it installed the feed hopper with agitator that injured Plaintiff Justin Cross. (*Id.* at 1–2.) Plaintiffs specifically alleged their complaint was timely

> pursuant to Tennessee Code Annotated section 20–1–119 because Equipements PRB Inc. invoked the doctrine of comparative fault in its Answer to Plaintiff's Complaint against it in Case No. 2:19-cv-00212-TRM-CRW and put Plaintiff on notice that a third party, identified in discovery as Martel Automation, may be at fault for its installation of the Feed Hopper and failure to provide warnings and guards in the installation of the Feed Hopper.

(*Id.* at 3.)

Martel Automation filed its motion to dismiss on November 30, 2020, arguing that Plaintiffs' claims against them are untimely. (Doc. 20.) The motion to dismiss is now ripe for review.

**II.    STANDARD OF LAW**

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

2

Civ. P. 8(a)(2).  Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.  For purposes of this determination, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).  This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  This factual matter must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

The statute of limitations for filing personal-injury lawsuits, including claims relating to products liability, is one year. Tenn. Code Ann. § 28-3-104(a)(1). However, Tennessee Code Annotated § 20-1-119 provides a ninety-day extension of time to the statute of limitations set forth in § 28-3-104(a)(1), and provides in relevant part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . alleges in an answer . . . that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer . . . :
>
> . . .
>
> (2) Institute a separate action against that person by filing a summons and complaint.

*Id.* § 20-1-119(a). "A cause of action brought within ninety (90) days pursuant to [§ 20-1-119] shall not be barred by any statute of limitations." *Id.* § 20-1-119(b).

In Plaintiffs' case against PRB, PRB did not expressly name Martel Automation in its answer as a party who caused or contributed to Plaintiffs' damages. Rather, PRB proffered two fairly generic affirmative defenses, wherein PRB asserted that "Plaintiffs' claimed injuries were caused, in whole or in part, by third parties not joined in this action." (Doc. 9, at 9–10, in Case No. 2:19-cv-212.) It wasn't until Plaintiffs and PRB engaged in discovery that Plaintiffs learned of the identity of Martel Automation and brought suit against it. (Doc. 1, at 3.) Whether or not § 20-1-119(a) extends the statute of limitations applicable to Plaintiffs' claims against Martel

4

Automation, then, depends on whether PRB's affirmative defenses were sufficient to "allege[] in an answer . . . that [Martel Automation] contributed to the injury or damage for which [Plaintiffs] seek[] recovery." Tenn. Code Ann. § 20-1-119(a).

Martel Automation argues that PRB's affirmative defenses are insufficient to warrant an extension of the statute of limitations. More specifically, Martel Automation claims that PRB's answer and defenses were not specific enough to properly name them as a party that contributed to Plaintiffs' injuries. Even if PRB later identified them in a discovery response, Martel Automation argues that "such reference to an unidentified third party in an Answer who is only later specifically identified in written discovery is still not sufficient to trigger T.C.A. § 20-1-119(a)." (Doc. 21, at 5.)

Tennessee courts have consistently "rejected arguments that narrowly construe [section 20-1-119] and have applied the statute in a manner consistent with the concepts of fairness and efficiency that underlie the comparative fault system." *Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007) (citing *Browder v. Morris*, 975 S.W.2d 308, 312 (Tenn. 1998)); *see also Becker v. Ford Motor Co.*, 431 S.W.3d 588, 592 (Tenn. 2014) ("This Court has stated repeatedly that [the statute] should not be construed narrowly because it is an integral part of a comparative fault system that is built on the concepts of fairness and efficiency."). Further, "[i]n a diversity action, 'state law defines the nature of [affirmative] defenses, but the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised . . . .'" *Cherry v. Apple CLK, LLC*, No. 3:20-cv-176, 2020 U.S. Dist. LEXIS 185143, at *7–8 (M.D. Tenn. Oct. 6, 2020) (citing *Roskam Baking Co., Inc. v. Lanham Mach. Co.*, 288 F.3d 895, 901 (6th Cir. 2002)). Under Rule 8(b) of the Federal Rules of Civil Procedure, a party asserting an affirmative defense is required

5

only to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b).

PRB's comparative-fault defenses satisfy Rule 8(b)'s requirements for asserting an affirmative defense. With respect to whether those defenses also invoke an extension of time under § 20-1-119, a majority of the Supreme Court of Tennessee rejected Martel Automation's argument. *See Bidwell ex rel. Bidwell v. Strait*, No. E2018-02211-SC-R11-CV, 2021 Tenn. LEXIS 9 (Tenn. 2021). In *Bidwell*, the plaintiff sought to amend his complaint to add an additional defendant under § 20-1-119 after two of the existing defendants asserted generic defenses of comparative fault. *Id.* at *2. The first defendant's defense stated that "[t]his defendant reserves the right . . . to plead the comparative negligence of the decedent or any other person or entity, as a proximate or contributing cause of all or a portion of the alleged injuries and damages," but also noted that "[a]t this time, this defendant has no knowledge of any persons except parties identified and as set forth in the plaintiff's Complaint to which this doctrine would apply." *Id.* at *10–11. Similarly, the second defendant stated that, "[s]hould the evidence . . . indicate that others, including but not limited to the other parties in this matter, were guilty of negligence that caused or contributed to the injuries and damages alleged in the Complaint, if any, then [defendant] reserves the right to amend his Answer and to show the same at trial." *Id.* at *11–12.

The plaintiff in *Bidwell* had intended to sue these two defendants along with their employers, which he incorrectly named in his original complaint. *Id.* at *38. The first defendant expressly named his correct employer in his answer to the complaint, while the second defendant did not. *Id.* at *38–41. With respect to the second defendant, even though the employer was not

6

specifically named as contributing to Plaintiff's injuries, the Court nonetheless found that the affirmative defense of comparative fault raised in his answer

> provided 'reasonable notice of a third party claim and, **coupled with the available . . . discovery tools**, **the plaintiff had more than adequate opportunity and time to discover the third party's identity**' and to amend his complaint to add [the correct employer] as a defendant within the ninety-day period Tennessee Code Annotated section 20-1-119 provides.

*Id.* at *41 (emphasis added) (citing *Romine v. Fernandez*, 124 S.W.3d 599, 605 (Tenn. Ct. App. 2003)). The Court then held that the second defendant's answer "triggered the application of Tennessee Code Annotated section 20-1-119," because "to hold otherwise would undermine the remedial purpose that section 20-1-119 was enacted to serve and frustrate the concepts of fairness and efficiency that form the basis of our comparative fault jurisprudence and section 20-1-119." *Id.* (citing *Browder*, 975 S.W.2d at 311.)

In light of the Tennessee Supreme Court's decision in *Bidwell*, the Court finds that PRB's failure to expressly name Martel Automation in its answer to Plaintiffs' complaint does not bar the application of § 20-1-119. PRB's answer, filed on December 9, 2019, alleged a comparative-fault defense. PRB later named Martel Automation in discovery responses as possibly bearing liability for some or all of Plaintiff's injuries. Plaintiffs then had ninety days from PRB's answer to institute a second legal action against Martel Automation. As a result, Plaintiff timely filed this action on March 9, 2020. Defendants' motion to dismiss must therefore be denied.[1]

---

[1] The Court declines to address Martel Automation's reply argument that the content of the discovery responses provided to Plaintiffs by PRB was insufficient to give notice that Martel Automation could be liable for Plaintiffs' damages. (Doc. 28, at 7–8.) In evaluating a motion to dismiss, a court generally cannot look beyond the complaint and attached exhibits, lest the motion be converted to one for summary judgment. *See, e.g.*, *United Bhd. of Carpenters & Joiners, Dresden Local No. 267 v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550, 558 (6th Cir. 1991) ("When a court considers dismissing an action for the legal insufficiency of the claim, and matters outside the pleadings are presented to the court and not excluded by it, the proceeding must be considered one for summary judgment.") Plaintiffs brought their complaint

## IV. CONCLUSION

For the foregoing reasons, Martel Automation's motion to dismiss (Doc. 20) is **DENIED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

against Martel Automation on the specific basis that PRB "put Plaintiff on notice that a third party, identified in discovery as Martel Automation, may be at fault for its installation of the Feed Hopper and failure to provide warnings and guards in the installation of the Feed Hopper." (Doc. 1, at 3.) At this stage, all "well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Tucker*, 539 F.3d at 549. Accordingly, the Court cannot grant Martel Automation's motion to dismiss on this basis.